## WINCHELL *v.* KNICKERBOCKER ICE CO.

*(Common Pleas of New York City and County, General Term.* February 2, 1891.)

RESCISSION OF CONTRACT OF RELEASE.

    Plaintiff, claiming under assignment from H., and alleging that defendant, by false or mistaken representations, had induced H. to execute a release, asked that the release be set aside, and for damages. There was no evidence as to what occurred between H. and the officers of defendant, a corporation, at the time the release was made; but plaintiff's evidence was that others, under contracts similar to that of H., were induced by defendant's misrepresentations or mistake to execute similar releases. *Held,* that there was an entire failure of proof, and the complaint was properly dismissed.

Appeal from equity term. ·

Action by Benjamin Winchell against the Knickerbocker Ice Company. Plaintiff appeals from a judgment entered on the dismissal of the complaint at the trial.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*William O. Campbell,* (*Rollin Tracy,* of counsel,) for appellant. *Maclay & Forrest,* for respondent.

PER CURIAM. The action was properly disposed of by the court below. The *gravamen* of the action was that the defendant, by false or mistaken representations, induced one Hewitt to execute a release in writing, by which he agreed to accept a certain number of tons of ice as his *pro rata* of a previous contract, and that the quantity of ice he thus agreed to accept was less than the quantity to which he was entitled. It is alleged that by divers mesne assignments the cause of action of Hewitt has been vested in the plaintiff in this action. The judgment demanded in the complaint is that the said release given by Hewitt to defendant be vacated and set aside, and that the plaintiff recover damages. No evidence offered on the part of the plaintiff was excluded to his injury. He had the burden of proof to establish, by a fair preponderance of evidence, that the agreement or release was obtained from Hewitt by misrepresentation. There does not appear to be in the case a particle of proof that any misrepresentations were made to Hewitt, or that Hewitt relied or acted upon any representations whatever in executing the release or agreement above referred to. Hewitt died in 1871. Barmore, the president of the defendant company, who had charge of the transactions with ice-dealers, died before the trial of the cause. There was absolutely no evidence in the case as to what occurred between Hewitt and the defendant's officers at the time of making the agreement. Dishonest and unfair dealings are not presumed in law. Evidence to invalidate the release should be direct, and not doubtful or equivocal. The appellant was allowed, on the trial of this case, to introduce proof that other dealers under contracts similar to Hewitt's were induced by defendant's misrepresentations or mistake to accept the same quantity of ice as their *pro rata* under their contracts in the year 1870. This would not establish that there was any fraud or mistake on the part of the company in dealing with Hewitt. The fact that false representations are made to one person does not establish that they are made to another. For anything that appears in this case, it may well be that the release was executed by Hewitt upon grounds entirely satisfactory to him. Plaintiff appears to have failed entirely in his proof, and the nonsuit was therefore properly granted. The judgment appealed from should be affirmed, with costs.